# United States Court of Federal Claims
No. 15-495
(E-Filed: March 15, 2016)

|                                      |   |
|--------------------------------------|---|
| **BARRON COLLIER COMPANY,**          | ) |
|                                      | ) |
| *Plaintiff*,                         | ) |
|                                      | ) |
| v.                                   | ) |
|                                      | ) |
| **UNITED STATES of AMERICA,**        | ) |
|                                      | ) |
| *Defendant*.                         | ) |

*David I. Ackerman, Esquire*, Dentons US LLP (DC) Washington, DC, for plaintiff.

*Eric E. Laufgraben, Esquire*, U.S. Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER

**Hodges,** *Senior Judge*.

Plaintiff Barron Collier sued the United States in this court for breach of contract arising from an action that defendant filed in Arizona. Barron's complaint alleges that the Arizona lawsuit violated an agreement entered into by the parties for an exchange of real property. Defendant filed a motion to dismiss for failure to state a claim, pursuant to Rule 12(b)(6). We deny defendant's motion.

The Government sued Barron in Arizona federal district court after Barron defaulted on its debt to defendant. The district court found it necessary to interpret the parties' contract to decide whether the Government's complaint stated a cause of action for which it could grant relief. The court found that the Government's complaint did state a proper claim, assuming that its well-pled allegations were true, and denied Barron's motion to dismiss. That court has not decided, however, whether the Government is entitled to the relief it sought in district court - specific performance. A decision on the merits remains pending in Arizona.

According to defendant, we must dismiss this case because the Arizona district court interpreted the parties' contract in part and we should not revisit that court's decision. The Government evidently believes that the district court's ruling on contract interpretation is entitled to great weight in this court. However, the Arizona court's ruling denying Barron's motion to dismiss did not imply a view on Barron's breach case here. In fact, the court did not have

jurisdiction to hear Barron's counterclaims, and it dismissed the claims for that reason. We cannot agree with defendant that the district court ruling means that the contract is unambiguous, much less that such a finding would be binding on this court in a separate lawsuit.

## BACKGROUND

The United States wanted to acquire certain lands in the Florida Everglades, but did not have sufficient appropriated funds to purchase them. Barron Collier Company owned 108,000 acres of wetlands in the Everglades that suited defendant's purposes. After extensive negotiations over several years, the parties agreed to a land swap by which the Government would transfer 22.5 acres of federal land in Phoenix, Arizona, in exchange for plaintiff's property in the Everglades. Because the Arizona property was more valuable than Barron's 108,000 acres in Florida, Barron agreed to pay the Government $34.9 million over 30 years with interest at 8.5% annually. This amount would offset the difference in value between the two properties. The repayment agreement provided that Barron would pay installments of principal and interest into an annuity held by a third party.

The parties' agreement had three components: (1) A payment agreement setting up the land exchange; (2) a promissory note for Barron's $34.9 million debt arising from the disparate values of the exchanged properties; and (3) a deed of trust containing the annuity, liens on the real property in Phoenix, and possible contributions of additional collateral by the debtor. Thus, the trust contained all of the collateral securing Barron's obligation to pay the Government $34.9 million over 30 years.

Barron could remove parcels of land from the trust estate with the consent of the Government, so long as the remaining value of the trust estate was greater than 130% of the unpaid balance on the debt less the value of the annuity. Apparently, the 130% requirement became effective only after plaintiff removed property from the trust as provided by the agreement. Thus, if the trust's value dropped below the 130% minimum after plaintiff had withdrawn a parcel of land from the trust estate, Barron was required to supplement the trust by adding government-backed securities sufficient to obtain a 130% minimum collateral-to-balance ratio in the trust.

Barron began making interest and annuity payments in 1992. It requested and received permission from the Government to obtain parcels of real property from the trust in 1998 and in 2007. Soon after defendant agreed to the second release of property from the trust estate, the global financial crisis now known as the Great Recession wreaked devastation on the value of the remaining trust property, according to Barron.

Barron stopped making payments in 2012. In November 2013, it attempted to convey property remaining in the trust and its interest in the annuity account to the Government in lieu of foreclosure as provided in the agreement. The Government refused to accept the deed-in-lieu. Instead, it argued that Barron had a separate, affirmative obligation to maintain the trust estate's value at 130% of the balance due on the $34.9 million debt. It sued Barron in federal district court for specific performance.

Barron filed a motion to dismiss the district court action for failure to state a claim, contending that the Government violated what plaintiff termed the agreement's covenants not to sue. It also filed a counterclaim for breach of contract. The district court held that the Government's complaint did state a claim for which relief could be granted. The court denied Barron's motion to dismiss and dismissed its contract counterclaim for lack of jurisdiction.

Barron sued the Government in this court in May 2015. Defendant filed a motion to dismiss for failure to state a claim in September. We heard oral arguments in February 2016.

## DISCUSSION

Defendant argues that the case in this court should be dismissed for two reasons: (1) plaintiff's claim in this court is a collateral attack on the Arizona district court's interpretation of the parties' contract, which was a necessary part of its ruling denying Barron's motion to dismiss in that forum; and (2) the district court ruled that the parties' agreement "unambiguously" grants defendant the right to sue for specific performance to force Barron to contribute collateral to the trust after default.

The three-part land-swap agreement crafted by the parties presents a problem of contract interpretation because of an apparent inconsistency between the provision for specific performance to supplement the trust's collateral and the language purporting to insulate plaintiff from personal liability in case of default. All three components of the land-swap agreement include so-called non-recourse language by which Barron intended to avoid personal liability in default. The payment agreement, the promissory note, and the deed of trust, each contains language limiting defendant to in rem actions "notwithstanding any other provisions" of the agreement.

The Arizona district court considered these seemingly conflicting terms and held that construing the "allegations and the provisions of the Trust Fund Documents in the light most favorable to the government . . . (,) the complaint sufficiently states a claim for specific performance." Thus, the Government's suit could proceed because it stated a claim upon which relief could be granted. That was the extent of its ruling for our purposes.

Defendant has stated variously throughout its briefs and arguments that we should defer to the district court's interpretation of the parties' contract. However, the district court considered a discrete question — whether Barron had stated a claim. That court's interlocutory ruling that defendant's claim could proceed in Arizona has no preclusive effect on Barron's lawsuit here. The Arizona court dismissed Barron's contract counterclaim because it did not have jurisdiction to hear it. The dismissal was without prejudice to Barron's right to file in the Court of Federal Claims. We will not expand the scope of the Arizona district court's ruling to prohibit Barron from bringing its claims here.

We also find defendant's argument that the agreement unambiguously provides for specific performance to be unpersuasive. Defendant has conceded that specific performance is an *in personam* remedy. The no-recourse provisions plainly seek to limit defendant to remedies

*in rem*. The district court acknowledged this dissonance, finding that reading the provisions to limit defendant to remedies *in rem* would conflict with and render illusory many of Barron's contract obligations. Given this clear tension, we do not agree that the agreement can be considered unambiguous.

The Government's position is essentially that an interlocutory decision by an Arizona court that does not have jurisdiction to consider the issues raised by the complaint here, nevertheless can estop this court from reviewing Barron's arguments on the merits. We do not agree and find that defendant has stated a claim upon which relief may be granted. For this reason, defendant's **MOTION is DENIED**.

**IT IS SO ORDERED.**

*s/Robert H. Hodges, Jr.*
Robert H. Hodges, Jr.
Senior Judge